USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ______________________________ No. 92-1949 AMERICAN POLICYHOLDERS INSURANCE COMPANY, Plaintiff, Appellant, v. NYACOL PRODUCTS, INC., ET AL., Defendants, Appellees. _________________________ Before Selya, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _________________________ ORDER OF THE COURT Entered: April 28, 1993 The petition for rehearing with suggestion for rehearing en banc filed by appellee Belaga is, under this court's internal operating procedures, considered both by the panel and by the full court. Panel rehearing is hereby denied for the following ______ reasons. First, a party may not raise new and additional matters for the first time in a petition for rehearing. See Kale v. Combined ___ ____ ________ Ins. Co., 924 F.2d 1161, 1169 (1st Cir.), cert. denied, 112 S. _________ _____ ______ Ct. 69 (1991); Anderson v. Beatrice Foods Co., 900 F.2d 388, 397 ________ __________________ (1st Cir.), 111 S. Ct. 233 (1990). That rule has particular pertinence here because, following oral argument, the panel invited supplemental briefing on the specific question of federal court removal jurisdiction in light of International Primate ______________________ Protection League v. Administrators of Tulane Educ. Fund, 111 S. _________________ ____________________________________ Ct. 1700 (1991). Appellee's response at the time was a perfunctory one; none of the arguments raised in her rehearing petition were alluded to in her supplemental brief, even in passing. We will not revisit specific issues merely because an adverse result has infused new vigor into a discontented party's advocacy. Second, even if we were to consider them, appellee's substantive arguments in no way undermine the force of the panel opinion. Only one such argument merits additional comment. The cynosure of Belaga's petition is her newly emergent contention that the panel's treatment of Primate Protection League is ___________________________ insupportable because, she maintains, suits against officers in their official capacities are not equivalent to suits against the agency. Relying primarily on Kozera v. Spirito, 723 F.2d 1003 ______ _______ (1st Cir. 1983), a pre-Primate Protection League case discussing _________________________ what is loosely termed an "exception[] to the doctrine of sovereign immunity . . . in injunctive suits against federal officials," id. at 1008 (applying Larson v. Domestic & Foreign ___ ______ __________________ Commerce Corp., 337 U.S. 682, 689-90 (1949)), Belaga disputes the ______________ statement that "no issues of immunity can possibly arise [in official-capacity suits] that differ from those arising in a suit directly against the agency." Ante at ___ [Panel Op. at 9]. ____ Belaga's reliance on Larson and its progeny, such as Kozera, is ______ ______ misplaced. Whatever consequences the Larson exception may portend in a ______ proper case, it has no applicability here. Larson comes into ______ play when either (1) a federal officer acts in excess of his or her statutory authority, or (2) the statute conferring power upon the officer is unconstitutional, see Kozera, 723 F.2d at 1008; ___ ______ see also Larson, 337 U.S. at 689-90. The basis for the exception ___ ____ ______ is clear; where the Larson criteria are met, "the conduct against ______ which specific relief is sought is beyond the officer's powers and is, therefore, not the conduct of the sovereign." Larson, ______ 337 U.S. at 690; where the criteria are not met, however, an official-capacity "suit is barred, not because it is a suit against an officer of the Government, but because it is, in substance, a suit against the Government over which the court, in the absence of consent, has no jurisdiction." Id. at 688. ___ Clearly, then, the Larson exception concerns the doctrine of ______ governmental, not official, immunity. Where relief would not be obtainable against the agency, as such, because of sovereign immunity, the exception nevertheless enables a plaintiff to obtain specific relief when an officer is named and the case's ___ underlying merits satisfy one of the two conditions described above. See id. at 689-90. Viewed in this manner as a way ___ ___ around the sovereign immunity of agencies Larson erects no ______ shield for protecting individual officers from the impact of lawsuits and, indeed, enunciates no rule bearing thereon. This is all distant from the jurisdictional issue on which the instant case turns. The functional purpose of the officer removal statute, as expressed in Primate Protection League, is to _________________________ guarantee the availability of a federal forum for the resolution of complicated questions of immunity, see 111 S. Ct. at 1708, not ___ to guarantee such a forum for litigation of the underlying merits of every suit against a government actor. When a case, like this one, poses no special questions of immunity as the federal officer/defendant was sued purely in her representative capacity, the defendant must be content with the plaintiff's choice of a state judicial forum to resolve a state-law claim. Belaga points to nothing that can affect her, personally, in any way that would differ from how the agency would be affected, and, as we have made clear, ante at ___, ___ [Panel Op. at 4, 9], the complaint ____ in this case seeks relief against the sovereign, not against Belaga personally. We add one final observation. To a large extent, Belaga's belated reference to Larson stirs a tempest in a teapot. ______ Whenever a complaint raises a federal question, which will almost always be the case when Larson applies, removal is allowed under ______ 28 U.S.C. 1331. Our decision that official-capacity suits are not removable as such under 28 U.S.C. 1442(a)(1) will only affect those cases in which an officer is sued in his or her official capacity by a plaintiff whose complaint raises only issues of state law. This case is prototypical of that genre. The petition for panel rehearing is denied. ______